EDWARDS, Judge.
From the trial court’s refusal to enforce lien rights under a public works project, plaintiff has appealed.
FACTS AND PROCEDURAL HISTORY
The facts of this case are not in dispute. The Ponchatoula Housing Authority contracted with Dev Con Builders, Inc., (Dev Con), to build a public housing project. Dev Con procured a public works bond with Eastern Indemnity Company of Maryland and proceeded to construction of the project.
Dev Con, during the course of performing its obligations under the contract, purchased material from several suppliers. At some point in time during construction of the project, Dev Con experienced financial difficulties. As a result of these difficulties, some of Dev Con’s suppliers refused to continue to provide materials to the work site.
The plaintiff, Mr. Wilkin, was at the time looking to invest in construction projects. As a result of inquiries into investments of this nature, Mr. Wilkin was placed in contact with Mr. Watkins, the president of Dev Con. After meetings between Mr. Wilkin and Mr. Watkins, Mr. Wilkin agreed to loan sufficient funds to bring up-to-date Dev Con’s overdue accounts with four of its suppliers[1] and thereby enable Dev Con to continue to perform its obligations under the contract.
In an attempt to protect himself from losses and as a condition for making the loan, Mr. Wilkin had Mr. Watkins sign a promissory note which obligated him to repay the amounts advanced to pay Dev Con’s suppliers. The note provided that the funds would be repaid when construction draws were received. In addition to the note and as a condition of his making payments to Dev Con’s suppliers, Mr. Wil-kin had each supplier execute a subrogation agreement subrogating to Mr. Wilken all of their rights to file liens.
At some point in time, Dev Con abandoned the construction project and Mr. Wil-kin perfected the liens arising out of his subrogation agreements. He then filed suit against Eastern Indemnity Company of Maryland, (Eastern), the bonding company on the project, to collect money due on the liens. Eastern was declared insolvent and Mr. Wilkin amended his petition to name the Louisiana Insurance Guarantee Association as a party defendant. After trial on the merits, the trial judge found that the Public Works Act[2] did not recognize liens filed by parties other than suppliers and materialmen and refused to enforce the lien rights. From this judgment, Mr. Wilkin has appealed. While we agree with *256 the result reached by the trial judge, we do so for different reasons.
LAW
Mr. Wilkin maintains that he should be able to file and enforce the liens called for under LSA-R.S. 38:2241 et. seq., Louisiana’s Public Works Act, by virtue of his conventional subrogation with the suppliers of Dev Con and the note given him by Mr. Watkins. In view of our reasons expressed herein, we pretermit a decision as to whether a party can achieve “claimant”[3] status by virtue of subrogation.
Subrogation is defined as the substitution of one person to the rights of another and can be either conventional or legal. LSA-C.C. art. 1825. Subrogation can result from the performance of the obligation of another by a third party or from a loan by the third party in order for the original obligor to perform the obligation himself. LSA-C.C. art. 1826 and LSA-C.C. art. 1828.[4] If an obligor pays a debt with money borrowed for the purpose of paying that debt, he may subrogate the lender to the obligee, but that subrogation must be in writing, and must be express. LSA-C.C. art. 1828. If one is properly subrogated, he may take advantage of the effects of subrogation which are provided for in LSA-C.C. art. 1826. When the subrogation results from the third party's performance of the obligation of another, or from a loan for the purpose of paying the obligation accompanied by express written subrogation, the obligation subsists in favor of the person who performed it who may avail himself of the action and security of the original obligee against the obligor. LSA-C.C. art. 1826 and LSA-C.C. art. 1828.
In order for Mr. Wilkin to take advantage of the effects of subrogation he must have first been properly subrogated to the rights of the original obligor. In this case it is necessary to decide who was the original obligor and who were the original obli-gees. Unquestionably, the original obligor under the supply contracts was Dev Con. Dev Con owed performance, in the form of payment to its obligees, the suppliers, who had performed their obligations by supplying building materials to the work site.
Whether Mr. Wilkin was properly subro-gated depends on first, whether he performed Dev Con’s obligation himself, or second, whether he loaned the money to Dev Con in order for Dev Con to perform the obligation itself, in which latter case the subrogation would have had to have been express and in writing.
In pursuit of his goal of a risk free investment, Mr. Wilkin had five documents drawn up. These were: the note signed by Mr. Watkins, prepared on December 5, 1983; the “subrogation agreement” with Louisiana Power and Light, executed on December 6, 1983; the “subrogation agreement” with Gabriel Building Supply executed on December 7, 1983; the “subrogation agreement” with Kentwood Brick executed on December 7, 1983; and the “sub-rogation agreement” with Campbell Building Supplies executed on December 9,1983. From these documents, Mr. Wilkin has attempted to enforce claimants’ rights belonging to the suppliers under the Public Works Act.
In the first situation contemplated, that of personally performing Dev Con’s obligation, there can be no question that Mr. Wilkin did not expend his own funds. At the time Mr. Wilkin paid the suppliers he had already had Mr. Watkins execute a note in his favor covering the funds which were to be used to pay the suppliers. Therefore, arguably the funds that were paid to the suppliers were not those of Mr. Wilken, but were funds advanced to Mr. Watkins. The note prepared on December 5, 1983, prior to payment of Dev Con’s suppliers, represented debt which was *257 owed to Mr. Wilkin. The fact that the note was executed by Mr. Watkins prior to the payment of the suppliers is evidence that the funds expended for payment to the suppliers were undoubtedly meant to be repaid to Mr. Wilkin.
LSA-C.C. art. 1826 provides that the effects of subrogation subsist only in favor of one who performs the obligation himself. Mr. Wilkin cannot claim both that he is owed the money under the note and that he performed the obligation himself by paying Dev Con’s debt. In fact, Mr. Wilkin did not pay the suppliers with his own funds, but instead used funds that he had loaned to Mr. Watkins in accordance with the note. Because Mr. Wilkin did not perform Dev Con’s obligation himself, he cannot claim the effects of subrogation by performance.
Mr. Wilkin also maintains that he should be subrogated to the rights of the suppliers by virtue of his advance of funds to Dev Con, the original obligor, in order for it to perform the obligation itself. We disagree. LSA-C.C. art. 1828 requires that subrogation under the situation contemplated by a loan must be express and in writing. The express writing must be a grant of subro-gation from the original obligor, in this case, Dev Con to the lender, here Mr. Wilken.
The note which Mr. Wilkin himself prepared[5] provides only that Mr. Charles A. Watkins repay the funds expended on Dev Con’s behalf. While it is true that the note contains language which provides that the funds will be paid out of construction draws and for collection fees to be paid by Dev Con, no where does the note contain express language binding Dev Con for the debt, nor does it contain any signature on behalf of Dev Con which purports to bind Dev Con for the debt. Because Dev Con is not bound by the note, it cannot be maintained that Mr. Wilken loaned the funds to Dev Con.
In any event, contracts which contain ambiguities must be interpreted against the party who drew them. LSA-C.C. art. 2056. Here, the note prepared by Mr. Wil-kin provides that Mr. Watkins promises to repay, while only containing clauses which mention Dev Con. No where does Mr. Watkins sign on behalf of Dev Con. LSA-C.C. art 1828 requires that the subrogation be express and in writing. The express grant of subrogation must be from the original obligor to the lender. We find that the note in question does not meet the requirements of an express grant of subro-gation from Dev Con to Mr. Wilkin.
Since we find that Mr. Wilkin was never properly subrogated to the rights of Dev Con’s suppliers, we uphold the result of the trial court in refusing to enforce those claims alleged to have arisen from subrogation. All costs of this appeal to be paid by the appellant.
AFFIRMED.
SHORTESS, J., dissents with reasons.

. The four suppliers sire Gabriel Building Supply Co., Inc., Campbell Building Material Co., Inc., Kentwood Brick Co., and Louisiana Power and Light.

. LSA-R.S. 38:2241, et. seq.

. The Public Works Act provides rights for "claimants”, as defined under LSA-R.S. 38:2242, to file liens for amounts due under a public works contract covered by the Act.

. LSA-C.C. arts. 1826 and 1828 were previously LSA-C.C. arts. 2159-2162 and LSA-C.C. art. 2160(2) respectively. They did not change the law other than by dropping the requirement of an authentic act for subrogation to take place under prior article 2160(2). See, Revision Comments, 1984 to LSA-C.C. arts. 1826 and 1828.

. I, Charles A. Watkins, promise to repay Charles R. Wilkin or order within Sixty (60) days after date at Slidell, Louisiana, the principal amount advanced to me, as his interest may appear, plus interest at the rate of 14.5% simple.
These funds are advanced to complete the Ponchatoula Housing Authority Project LA 48-P075-005. In each case the funds have been paid directly to suppliers, material men, mechanics, or sub-contractors whose services or materials were essential in my judgment to complete the project.
It is the intent, as covered by acknowledgments of subrogation signed by each recipient when funds were paid for the account of Dev Con Builders, Inc., that all rights of the parties paid as pertains to means of collection, placing liens, etc., be subrogated to Charles R. Wilkin under Articles 2160, 2161, and 2162 of the Louisiana Civil Code.
I also agree that these funds will be repaid when construction draws are received for these items. Should legal expense become necessary to file liens or to pursue collection through court action, all legal expense plus attorney fees not to exceed 25% percent will be paid by Dev Con Builders, Inc.
Lender reserves the right to waive formalities voluntarily or involuntarily without impairing his rights to collection in full. (Emphasis in original).